UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JENNIFER ROWLAND f/k/a JENNIFER PIKE; | ) |
| CASSIDY PIKE f/k/a CARTER PIKE | ) |
|     Plaintiffs | ) |
| | ) |
|     v. | ) |
| | ) |
| WESTLAKE SERVICES, LLC; | ) |
| SKYLINE RECOVERY SERVICE, INC. | ) |
|     Defendants. | ) |

**<u>NOTICE OF REMOVAL OF CIVIL ACTION</u>**

NOW COMES Defendants, Westlake Services, LLC ("Westlake"), and Skyline Recovery

Service, Inc. ("Skyline"), pursuant to 28 U.S.C. §§ 1331, 1441 and 1446 hereby removes this

action from the Springfield District Court of Massachusetts to the United States District Court of

Massachusetts. In support of this Notice of Removal, Defendants state:

1.      On October 25, 2025, the Plaintiffs, Jennifer Rowland f/k/a Jennifer Pike and

Cassidy Pike f/k/a Carter Pike, commenced a civil action in the Springfield District Court

of the Commonwealth of Massachusetts, entitled and captioned *JENNIFER ROWLAND*

*f/k/a JENNIFER PIKE; CASSIDY PIKE f/k/a CARTER PIKE v. WESTLAKE SERVICES,*

*LLC; SKYLINE RECOVERY SERVICE, INC*., Case No. 2523cv001952 (hereinafter the

"State Court Action"). A true and correct copy of the State Court Action, along with the

Summons, Service of Process and Civil Action cover sheet is attached as **<u>Exhibit A</u>**.

2.      Service of Process was made on November 7, 2025. See **<u>Exhibit A</u>**.

3.      On November 26, 2025, Defendants filed an answer to the State Court Action with the Springfield District Court. A true and correct copy of the Defendants' Answer is attached as **<u>Exhibit B</u>**.

4.      In the State Court Complaint, the Plaintiffs allege statutory causes of action against the Defendants under the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692-1692p.

5.      This Court has original jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1331 because the State Court Complaint alleges causes of action arising under the laws of the United States and the FDCPA. The State Court Complaint therefore presents a federal question under 28 U.S.C. § 1441(c).

6.      The time within which Defendants are required by 28 U.S.C. § 1446(d) to file this Notice of Removal has not yet expired. This Notice of Removal is timely, having been filed within 30 days of the date on which Defendants were served with the State Court Complaint.

7.      The Springfield District Court is located within the United States District Court for the District of Massachusetts. Therefore, venue for purposes of removal is proper. *See* 28 U.S.C. § 1441(a).

8.      In accordance with 28 U.S.C. § 1446(d), written notice of this Notice of Removal is being concurrently provided to the Springfield District Court of Massachusetts. A true and correct copy of that written notice is attached as **<u>Exhibit C</u>**.

9.      This Notice of Removal is also being served on the Plaintiffs.

10.     A copy of the Docket in the State Court Action is attached as **Exhibit D**.

Wherefore, Defendants give notice that this action is removed from the

Springfield District Court of the Commonwealth of Massachusetts to the United States

District Court for the District of Massachusetts.


Respectfully Submitted,
By Defendants Westlake Services, LLC
And Skyline Recovery Service, Inc.
By their attorney,

**/s/ Sean J. McCarthy**
Sean J. McCarthy, Esquire (BBO #674962)
David T. Stout, Esquire (BBO #711666)
**The Chartwell Law Offices, LLP**
205 Newbury Street, Suite 101
Framingham, MA 01701
Tel: (617) 426-2400
Fax: 617-395-2627
smccarthy@chartwelllaw.com
dstout@chartwelllaw.com


Dated: December 5, 2025


## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2025, this document has been e-served with the court electronically and will automatically be sent to all counsel of record if registered for e-service. Pro Se or counsel not registered for e-service will receive a copy of this document via regular mail.

Adam Deutsch, Esq.
Northeast Law Group, LLC
P.O. Box 60717
Longmeadow, MA 01116
adam@northeastlawgroup.


Dated: December 3, 2025

By: /s/ Sean J. McCarthy

Sean J. McCarthy

# **<u>EXHIBIT A</u>**

*Commonwealth of Massachusetts*
*Springfield District Court*
*50 State Street*
*Springfield, MA 01103*
*(413) 735-6000*

*Civil No.*  2523cv001952

Jennifer Rowland et al
_____,
**Plaintiff(s),**

v.

Westlake Services, LLC et al
_____,
**Defendant(s)**

**SUMMONS**

THIS SUMMONS IS DIRECTED TO   Westlake Services, LLC
_____
(Defendant's Name)

    1.   **This Notice is to inform you that you are being sued.** The person or business suing you is known as the Plaintiff. A copy of the Plaintiff's Complaint against you is attached and the original has been filed in the Springfield Division of the District Court Department. You must respond to this lawsuit in writing. If you do not respond, the Plaintiff may obtain a court order requiring you to pay money or provide other relief.

    2.   **You must respond within 20 days to protect your rights.** In order to protect your right to defend yourself in this lawsuit, you must deliver or mail a written response called an "Answer" to both the "Clerk's Office for Civil Business, Springfield District Court, 50 State Street, Springfield, MA 01103" and to the individual below:

Northeast Law Group, LLC                    , at    P.O. Box 60717 Longmeadow, MA 01116
_____          _____
(Name of Plaintiff or Plaintiff's attorney)                (address)

Your Answer must be delivered or mailed within 20 days from the date of the Summons was delivered to you. If you need more time to respond, you may request an extension of time in writing from the Court.

    3.   **Your Answer must respond to each claim made by the Plaintiff.** Your Answer is your written response to the statements made by the Plaintiff in the Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. You may agree with some of the things the Plaintiff says and disagree with other things. You may also say that you do not know whether one (or more) of the statements made in the Plaintiff's Complaint is true. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer. Even if you agree that you owe what is claimed, sending an Answer will provide you with an opportunity to participate and explain your circumstances.

    4.   **You must list any reason why you should not have to pay the Plaintiff what the Plaintiff asks for.** If you have any reason(s) why the Plaintiff should not get what the Plaintiff asks for in the Complaint, you must write those reasons (or "defenses") in your Answer.

    5.   **You may lose this case if you do not send an Answer to the Court and the Plaintiff.** If you do not mail or deliver the Answer with 20 days, you may lose this case. You will have no opportunity to tell your side of the story and the Court may order that the Plaintiff receive everything requested in the Complaint. The Court may allow a motion permitting the Plaintiff take your property

A TRUE COPY ATTEST:

NORFOLK DEPUTY SHERIFF

Date:  11/7/25

ATENCIÓN Esta es una notificación oficial de la corte. Si usted no sabe leer Inglés, obtenga traducción.

and/or wages. If you respond to the Complaint and appear at the hearing, you will get an impartial hearing by a judge. Even if you choose to discuss this matter with the Plaintiff (or the Plaintiff's lawyer), you should still send your Answer **within 20 days.** Even if you file an Answer, you can still reach an agreement with the Plaintiff.

6.     **Legal Assistance.** You may wish to get legal help from a lawyer. **If you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.** You may also obtain information at www.mass.gov/courts/selfhelp.

7.     **You can also sue the Plaintiff.** If you believe the Plaintiff owes you money or has harmed you in some way related to the lawsuit, you must describe that in your Answer. If you do not include these claims (called "Counterclaims") in your written response, **you may lose your ability to sue the Plaintiff** about anything related to this lawsuit.

8.     **You or your attorney must attend all court hearings.** If you send your Answer to the Court and the Plaintiff, you will protect your rights. The Court will send you a notice telling you the date, time, and place of an impartial hearing before a judge. The judge will hear **both** sides of any arguments and schedule any additional hearings.

9.     The civil number appearing on the front of this notice is the case docket number and must appear on the front of your Answer.

Witness Hon. Kevin V. Maltby, First Justice on _____October 31_____, 20_25_.

(SEAL)                                        *John J. Stocks*
                                        _____
                                        Clerk-Magistrate
                        Note: The number assigned to the Complaint by the Acting Clerk-
                        Magistrate at the beginning of the lawsuit should be indicated on the
                        Summons before it is served on the Defendant.

## RETURN OF SERVICE
### (For use by person making service)

On _____, 20___, I served a copy of the within Summons, together with a copy of the Complaint in this case, upon the named Defendant in the following manner:

___  Last and usual at (address)*

                                        _____
                                        Signature

_____

                                        _____
                                        Name and Title

___  In Hand

                                        _____
                                        Address

___  Other:

***Please place date you make service in this box and on copy served on Defendant and return original to this Court:***

┌─────────────────────────────┐
│                             │
│                             │
└─────────────────────────────┘

*If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the Summons to such last and usual place of abode and shall set forth in the return the date of mailing and the address to which the Summons was sent. (G.L. c. 223, § 31)

Date Filed: 10/21/2025 9:49 AM
District Court - Springfield
Docket Number:

## COMMONWEALTH OF MASSACHUSETTS

|  |  |
|---|---|
| JENNIFER ROWLAND f/k/a JENNIFER PIKE; CASSIDY PIKE f/k/a CARTER PIKE<br><br>Plaintiffs,<br><br><br>v.<br>WESTLAKE SERVICES, LLC; SKYLINE RECOVERY SERVICE, INC.<br><br>Defendants. | **Springfield District Court**<br>**Docket Number**<br><br><br><br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiffs Jennifer Rowland and Carter Pike of full age, bring this complaint through the undersigned attorney against Westlake Services, LLC and Skyline Recovery Service, Inc.

### JURISDICTION AND VENUE

1.    Jurisdiction is appropriately laid in the District Court Department as the parties are all reside and/or are incorporated in Massachusetts and/or do business in Massachusetts, the Plaintiffs' claims are based solely on state law, and the base damages sought are expected to be less than $50,000.

2.    Venue is appropriately laid in the Springfield District Court because all relevant events revolve substantially around Springfield, Massachusetts.

### PARTIES

3.    Plaintiff Jennifer Rowland resides in East Longmeadow, Massachusetts and is the mother of Carter Pike.  Jennifer Rowland was previously known as Jennifer Pike and the last name was formally changed.

1

Date Filed: 10/21/2025 9:49 AM
District Court - Springfield
Docket Number·

4.    Plaintiff Cassidy Pike resides in East Longmeadow, Massachusetts and is the child of Jennifer Pike. Cassidy Pike's assigned name at birth was Carter and it has been formally changed.

5.    Defendant Westlake Services, LLC ("Westlake") is in the business of purchasing and servicing loans secured by motor vehicles. Westlake's principal office is in Los Angeles, California and it maintains an agent for service of process at Corporate Creations Network, Inc., 150 Royall St. Suite 205, Canton, MA 02021.

6.    Defendant Skyline Recovery Service, Inc. is in the business of repossessing automobiles on behalf of others. Skyline Recovery Service, Inc. ("Skyline Recovery") is a Connecticut corporation with a Massachusetts location and an agent for service of process designated at Frank N. Fournier IV, 376 Easthampton Road, Northampton, MA 01060.

## FACTUAL ALLEGATIONS

7.    In or around April 2024, Jennifer Pike and Cassidy Pike took out a loan to finance the purchase of a used 2019 Hyundai Tucson vehicle.

8.    The Vehicle Identification Number for the Tucson is KM8J2CA44KU877454.

9.    At all relevant times the auto loan has been owned and serviced by Westlake.

10.    At all times, the monthly loan payment in the amount of $385.50 was made on time.

11.    Frequently, the plaintiffs paid more than the amount due each month on the loan.

12.    At all times, the vehicle was insured.

13.    The plaintiffs never defaulted on any terms of the loan agreement.

14.    The plaintiffs have equity in the vehicle.

15.    On July 8, 2025 Cassidy Pike was in a car accident when the Tucson was struck by another vehicle that attempted to merge across lanes on Interstate 95 north in Springfield, Massachusetts.

Date Filed: 10/21/2025 9:49 AM
District Court - Springfield
Docket Number:

16.    Cassidy was able to safely remove the car from the highway and it was towed to CJ's Towing Unlimited, Inc. ("CJ's Towing") in Springfield, Massachusetts.

17.    Before the Tucson was towed on July 8, 2025, the Massachusetts State Police arrived at the scene and created an accident report 25-290525.

18.    An insurance claim was filed with the at-fault party's insurance company, Pilgrim Insurance.

19.    The vehicle was being stored at CJ's Towing while the insurance companies were assessing damages and determining how to handle the claim.

20.    On or about August 4, 2025, Westlake hired Skyline Recovery and directed them to repossess the Tucson.

21.    On or about August 6, 2025, Skyline Recovery removed the car from CJ's Towing and relocated it to the Skyline Recovery facility in Northampton, Massachusetts.

22.    The removal and relocation of the car was done without advanced notice to the Plaintiffs and without their consent.

23.    The removal and relocation of the car was an unlawful repossession.

24.    The removal and relocation of the car interfered with the plaintiffs rights and ability to obtain insurance proceeds owed to them as a result of the car accident.

25.    By letter dated August 7, 2025, Westlake sent a letter to the plaintiffs titled **"Notice of Right of Redemption and Notice of Intent to Sell."**

26.    The August 7 letter states in part:

Date Filed: 10/21/2025 9:49 AM
District Court - Springfield
Docket Number:

**Subject: Retail Installment Contract dated 4/12/2024 ("Contract")**
We have your Vehicle because you broke promises in our Contract. We intend to sell the Vehicle as explained in this Notice, subject to your right to reinstate the Contract and get the Vehicle back (redeem the Vehicle), and your right to redeem the Vehicle by paying us the past due amount you owe, as described more fully below.

**Contract Reinstatement.** The amount you must pay to reinstate the Contract and get the Vehicle back (redeem the Vehicle) includes the full amount past due under the Contract as of the date of this Notice, including all outstanding unpaid fees and charges ($0.00, itemized below), PLUS our cost of repossessing the Vehicle ($2,982.70), for a subtotal of $2,982.70 through the date of this Notice. In addition, if another regular monthly payment is scheduled to be paid under the terms of the Contract after the date of this Notice and before the date you redeem the Vehicle, you will be required to also pay the amount of that regular monthly payment in order to reinstate the Contract and get the Vehicle back. For more information about the exact amount you must pay to reinstate the Contract and get the Vehicle back, you may call us at the telephone number shown near the top of this Notice. To reinstate the Contract you must pay us the amounts described in this paragraph by certified or bank check, money order, or similar immediately available funds. Your right to reinstate the Contract as described in this paragraph ends on 08/27/2025.

27.    In the August 7 letter, Westlake admits that it took the Plaintiff's vehicle.

28.    The August 7, 2025 letter falsely states that the Plaintiffs "broke promises" in the contract.

29.    The August 7, 2025 letter falsely states that the Plaintiffs must pay a "past due amount" owed on the loan.

30.    The letter makes clear that there are no outstanding fees and charges owed on the loan, as the amount listed for these is $0.00.

31.    The only sum of money Westlake claims to be entitled to in the letter is $2,982.70 which it identifies as the "cost of repossessing the Vehicle."

32.    As of August 7, 2025, Westlake had not incurred any fees for repossessing the car.

33.    Westlake unlawfully directed its agent to take possession of the vehicle and then demanded that the Plaintiffs pay for the wrongful repossession in order to get their car back.

34.    On August 12, 2025, Plaintiffs received the August 7 letter by certified mail.

35.    Upon receiving the letter, Plaintiffs immediately called Westlake.

36.    On information and belief, Westlake recorded the August 12 phone call wherein an employee of Westlake falsely denied that Westlake directed Skyline Recovery to repossess the car.

4

Date Filed: 10/21/2025 9:49 AM
District Court - Springfield
Docket Number:

37.    On August 12, 2025, Plaintiffs called Skyline Recovery and its employee confirmed that Westlake provide an order to Skyline Recovery to initiate the seizure of the car.

38.    Plaintiffs then spoke with an employee of Westlake who identified himself as a supervisor named Kevin Martinez.  Mr. Martinez acknowledged that there were no late payments on the loan but claimed that Westlake was entitled to repossess the car because of the accident in July.

39.    After speaking with the Plaintiffs, Westlake moved the Plaintiffs vehicle again and it has not been in Skyline Recovery's possession since that time.

40.    On August 14, 2025, the Plaintiffs filed a police report with the Springfield Police Department in the hopes of getting assistance locating their vehicle.  As of October 17, 2025, the Springfield Police Department have not located the vehicle.

41.    Since being removed from Skyline Recovery, Plaintiffs do not know the location of their vehicle.

42.    Plaintiffs have continued to make payments on the auto loan after the July car accident even though they have been wrongfully deprived use and possession of the vehicle.

## **CAUSES OF ACTION**

## COUNT ONE: VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT

## M.G.L. c. 93a et seq.

43.    Plaintiffs repeat, reiterate and reincorporate by reference the allegations contained elsewhere in the Complaint with the same force and effect as if set forth at length herein.

44.    The Massachusetts Consumer Protection Act M.G.L. c. 93A §2 renders "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" to be "declared unlawful."

Date Filed: 10/21/2025 9:49 AM
District Court - Springfield
Docket Number:

45.     Conduct is deemed unfair or deceptive under M.G.L. 93A where it is (1) within the penumbra of some common-law, statutory, or other established concept of unfairness; (2) is immoral, unethical, oppressive, or unscrupulous, and (3) causes substantial injury to the plaintiff.

46.     On August 18, 2025 a written demand for relief was sent by Plaintiffs to Skyline Recovery pursuant to M.G.L. 93A §9(3). The letter described the unfair or deceptive act(s) or practices outlined in this Complaint, the injury suffered, and made a demand for relief. The letter made clear reference to M.G.L. 93A and was sent pursuant to the statute.

47.     The August 18, 2025 letter was received by Skyline Recovery on August 19, 2025.

48.     On August 18, 2025 a written demand for relief was sent by Plaintiffs to Westlake pursuant to M.G.L. 93A §9(3).

49.     Plaintiffs could not confirm delivery of the August 18, 2025 letter to Westlake although it was sent by certified mail and has not been returned to the sender.

50.     On or about September 3, 2025, a second written demand for relief was sent to Westlake pursuant to M.G.L. 93A §9(3). The letter described the unfair or deceptive act(s) or practices outlined in this Complaint, the injury suffered, and made a demand for relief. The letter made clear reference to M.G.L. 93A and was sent pursuant to the statute.

51.     The September 3, 2025 letter was received by Westlake on September 5, 2025.

52.     As of the date this Complaint is filed, Skyline Recovery has not responded to the M.G.L. 93A demand letter and has not made a tender of settlement offer.

53.     As of the date this Complaint is filed, Westlake has not responded to the M.G.L. 93A demand letter and has not made a tender of settlement offer.

Date Filed: 10/21/2025 9:49 AM
District Court - Springfield
Docket Number:

54.    Westlake and Skyline Recovery engaged in unfair and/or deceptive acts or practices in the conduct of a trade or commerce in relation to Plaintiffs.  The unfair and/or deceptive acts or practices include but are not limited to the following:

    a.  The Defendants violated 940 C.M.R. 7.00 et seq. by engaging in prohibited acts in connection with the collection of a debt.  Specifically, the Defendants made false and/or misleading representations in connection with the collection of a debt, falsely represented use of legal process, and exercised the unlawful taking of non-judicial action to effect dispossession of property where there was no present right to the property.

    b.  The Defendants further violated 940 C.M.R. 7.07 by seizing and selling Plaintiff's property when it was not entitled to do so.

    c.  Westlake charged Plaintiffs fees and expenses that it was not entitled to recovery and which were incurred due to its own negligence, dishonesty, and/or unlawful conduct.

    d.  Skyline further engaged in unfair and/or deceptive acts or practices by transferring the vehicle to the custody of a third party when it knew the Plaintiffs contested the repossession and was presented with information demonstrating that Skyline should not have taken the property at the direction of Westlake.

55.    Based upon publicly available data, Westlake has a pattern and practice of using unlawful conduct to oppress its customers and it routinely engages in deceptive acts or practices.

56.    As a result of the conduct of Westlake and Skyline Recovery, the Plaintiffs suffered damages including but not limited to out of pocket expenses, deprivation of use of the vehicle, loss of equity in the vehicle, emotional distress, lost time and additional damages as permitted by law.

7

Date Filed: 10/21/2025 9:49 AM
District Court - Springfield
Docket Number:

57.    The defendants' unfair and deceptive practices were willful and knowing within the meaning of M.G.L. 93A.

58.    The within conduct is non-exhaustive and intended to place Defendants on notice of the scope of allegations and wrongdoing.

59.    As a result of the Defendants' violations of M.G.L. 93A, Plaintiffs are entitled to recover double or trebled damages, attorney's fees and costs of litigation.

## COUNT TWO: CONVERSION OF PROPERTY

60.    Plaintiffs repeat, reiterate and incorporate the allegations contained elsewhere in the Complaint with the same force and effect as if the same were set forth at length herein.

61.    The Defendants intentionally and wrongfully exercised control or dominion over the personal property of the Plaintiffs.

62.    At the time the Defendants engaged in the conduct resulting in conversion, Plaintiff had an ownership and/or possessory interest in the property.

63.    The Plaintiff was damaged because the Defendants' conduct.

64.    The Defendants wrongfully refused to return Plaintiffs' property when it was discovered missing.

65.    Defendant Skyline Recovery was compensated by Westlake for wrongfully taking the Plaintiff's vehicle, and the compensation resulted in an act of willful conversion.

66.    Defendant Westlake wrongfully took the Plaintiff's car with the intention of selling the vehicle and converting the property to another asset.  Westlake followed through on this act and has engaged in willful acts of conversion.

67.    The within conduct is non-exhaustive and intended to place Defendants on notice of the scope of allegations in the litigation.

Date Filed: 10/21/2025 9:49 AM
District Court - Springfield
Docket Number:

68.     As a result of the Defendants' conduct, the Plaintiffs have suffered damages including but not limited to out of pocket expenses, deprivation of use of the vehicle, loss of equity in the vehicle, emotional distress, lost time and additional damages as permitted by law.

69.     As a result of Defendants' conduct, Plaintiff is entitled to damages including but not limited to compensation for the value of goods converted by the Defendants.

## COUN THREE: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

70.     Plaintiffs repeat, reiterate and incorporate the allegations contained elsewhere in the Complaint with the same force and effect as if the same were set forth at length herein.

71.     Defendant Skyline Recovery is a debt collector as defined by 15 U.S.C. §1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due to another.

72.     Skyline Recovery describes itself as "certified asset recovery specialists" on its website.

73.     Skyline Recovery engaged in unfair or unconscionable means to collect a debt in violation of 15 U.S.C. §1692f when it took nonjudicial action to effect dispossession of property from the Plaintiffs where there was no present right to possession of the property claimed as collateral through an enforceable security interest.

74.     Skyline Recovery is not entitled to a "bona fide error" defense under 15 U.S.C. 1692k because it was made aware by Plaintiffs that Westlake was not entitled to dispossession of the vehicle, and notwithstanding this information, Skyline Recovery released the vehicle to a third party at the direction of Westlake, instead of retaining custody of the vehicle or returning it to the Plaintiffs.

75.     The within conduct is non-exhaustive and intended to place Defendants on notice of the scope of allegations in the litigation.

9

Date Filed: 10/21/2025 9:49 AM
District Court - Springfield
Docket Number:

76.    As a result of the Defendants' conduct, Plaintiffs have suffered damages including those identified elsewhere in the

77.    As a result of Defendants' conduct, the Plaintiffs have suffered damages including but not limited to out of pocket expenses, deprivation of use of the vehicle, loss of equity in the vehicle, emotional distress, lost time and additional damages as permitted by law.

78.    Pursuant to 15 U.S.C. §1692k, the Plaintiffs are entitled to recovery actual damages, statutory damages, attorney's fees and costs of litigation.

## JURY DEMAND

Pursuant to Rule 38 of the Massachusetts Rules of Civil Procedure, Plaintiffs requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

(a) Awarding Plaintiff statutory damages;

(b) Awarding Plaintiff actual damages;

(c) Awarding Plaintiff costs of this action, including reasonable attorneys' fees and costs;

(d) Awarding pre-judgment interest and post-judgment interest; and

(e) Awarding Plaintiffs such other and further relief as this Court may deem just and proper.

Date Filed: 10/21/2025 9:49 AM
District Court - Springfield
Docket Number:

Respectfully submitted.


Plaintiffs
JENNIFER ROWLAND; CASSIDY PIKE f/k/a CARTER PIKE

*/s/ Adam Deutsch*                                    Dated: October 21, 2025
Adam Deutsch, Esq. (BBO 569173)
Northeast Law Group, LLC
P.O. Box 60717
Longmeadow, MA 01116
adam@northeastlawgroup.com
413-285-3646

11

| STATEMENT OF DAMAGES<br>G.L. c. 218, § 19A(a) | DOCKET NO. | | Date Filed: 10/21/2025 9:49 AM<br>District Court Springfield<br>Docket Number: |
|---|---|---|---|
| | | Trial Court of Massachusetts | |

| PLAINTIFF(s)<br>Jennifer Rowland; Cassidy Pike | DEFENDANT(s)<br>Westlake Services, LLC; Skyline Recovery Servs. | DATE FILED<br>2025-10-19 |
|---|---|---|

INSTRUCTIONS: THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL DISTRICT AND BOSTON MUNICIPAL COURT CIVIL ACTIONS SEEKING MONEY DAMAGES.

COURT DIVISION

## TORT CLAIMS — AMOUNT

A. Documented medical expenses to date:
1. Total hospital expenses: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  $ _____
2. Total doctor expenses: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  $ _____
3. Total chiropractic expenses: . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  $ _____
4. Total physical therapy expenses: . . . . . . . . . . . . . . . . . . . . . . . .  $ _____
5. Total other expenses (describe) _____  $ _____

_____

SUBTOTAL:    $ _____

B. Documented lost wages and compensation to date: . . . . . . . . . . . . . . . . . . . .    $ _____
C. Documented property damages to date: . . . . . . . . . . . . . . . . . . . . . . . . . . . .    $ _____
D. Reasonably anticipated future medical and hospital expenses: . . . . . . . . . .    $ _____
E. Reasonable anticipated lost wages: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    $ _____
F. Other documented items of damage (describe): _____    $ _____

_____

G. Brief description of Plaintiff's injury, including nature and extent of injury:

_____
_____
_____
_____

For this form, disregard double or treble damage claims; indicate single damages only.    **TOTAL:**    $ _____

## CONTRACT CLAIMS — AMOUNT

☐ **This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a)**

Provide a detailed description of the claim(s): Defendants wrongful repossession

$ 40,000

of Plaintiff's vehicle has resulted in out of pocket expenses, lost use of the vehicle, lost equity,

$ _____

disruption to economic ability, stress, anxiety, and more.

$ _____

For this form, disregard double or treble damage claims; indicate single damages only.    **TOTAL:**    $ 40,000

| ATTORNEY FOR PLAINTIFF (OR UNREPRESENTED PLAINTIFF) | DEFENDANT'S NAME AND ADDRESS |
|---|---|
| SIGNATURE *Adam Deutsch* | Westlake Services, LLC c/o Corporate Creations Network, Inc. |
| PRINT OR TYPE NAME  Adam Deutsch    DATE Oct 19, 2025 | 150 Royall St. Suite 205, Canton, MA 02021 |
| Northeast Law Group, LLC    B.B.O.# 569173 | Skyline Recovery Service Inc. |
| ADDRESS P.O. Box 60717 Longmeadow, MA 01116 | 376 Easthampton Road, Northampton, MA 01060 |

CERTIFICATION PURSUANT TO SJC RULE 1:18: I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney on Record: *Adam Deutsch*    NOV 07 2025    Date: 10/14/2025

**EXHIBIT B**

## COMMONWEALTH OF MASSACHUSETTS

**SPRINGFIELD, ss**                        **DISTRICT COURT**
                                           **CIVIL ACTION NO: 2523CV00195**

---

|   |   |
|---|---|
| JENNIFER ROWLAND f/k/a JENNIFER PIKE; | ) |
| CASSIDY PIKE f/k/a CARTER PIKE | ) |
|         Plaintiffs | ) |
|   | ) |
|         v. | ) |
|   | ) |
| WESTLAKE SERVICES, LLC; | ) |
| SKYLINE RECOVERY SERVICE, INC. | ) |
|         Defendants. | ) |

---

### DEFENDANTS, WESTLAKE SERVICES LLC AND SKYLINE RECOVERY SERVICE, INC.'S ANSWER TO THE PLAINTIFFS' COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIM AND JURY DEMAND

Defendants, Westlake Services, LLC ("Westlake"), and Skyline Recovery Service, Inc.

("Skyline") hereby submit their answer to the Plaintiffs' Complaint.

### JURISDICTION AND VENUE

1. This is a statement of law, rather than an allegation of fact and thus requires no response.

   To the extent a response is required, denied.

2. This is a statement of law, rather than an allegation of fact and thus requires no response.

   To the extent a response is required, denied.

### PARTIES

3. Defendants lack sufficient information to admit or deny these allegations.

4. Defendants lack sufficient information to admit or deny these allegations.

5.  Admitted to the extent that Westlake is in the business of providing credit, the terms of
    any contract for which speak for themselves, and that it maintains offices and a registered
    agent as alleged. Otherwise, denied.

6.  Admitted only to the extent that Skyline maintains offices and agents at the alleged
    address and that it is in the business of recovering automobiles. Otherwise, denied.

## **FACTUAL ALLEGATIONS**

7.  Admitted only to the extent that Jennifer Almeida Pike and Carter Pike appeared as a Co-
    Buyer on a Retail Installment Contract ("the Contract") dated April 4, 2024. Otherwise,
    Defendants lack sufficient information to admit or deny these allegations.

8.  Admitted.

9.  Admitted.

10. Defendants lack sufficient information to admit or deny these allegations.

11. Defendants lack sufficient information to admit or deny these allegations.

12. Defendants lack sufficient information to admit or deny these allegations.

13. Denied.

14. This is a statement of law, rather than an allegation of fact and thus requires no response.
    To the extent a response is required, denied.

15. Defendants lack sufficient information to admit or deny these allegations.

16. Admitted only that the vehicle was towed to CJ'S Towing Unlimited, Inc., ("CJ's"),
    which later claimed storage fees and a lien on the vehicle. Otherwise, Defendants lack
    sufficient information to admit or deny these allegations.

17. Defendants lack sufficient information to admit or deny these allegations.

18. Defendants lack sufficient information to admit or deny these allegations.

2

19. Admitted only that that the vehicle was towed to CJ'S which later claimed storage fees and a lien on the vehicle.

20. Admitted only that Westlake contracted with Skyline to have the latter remove the vehicle from CJ's and pay off the accruing statutory lien on Westlake's behalf in order to prevent further accrual of storage fees, for which Westlake later reimbursed Skyline. Otherwise, denied.

21. Admitted.

22. Denied.

23. Denied.

24. Denied.

25. Admitted.

26. Admitted.

27. Admitted to the extent that Westlake informed plaintiff it had recovered the vehicle as permitted under the Contract. Otherwise, denied.

28. Admitted to the extent that the letter asserted, correctly, that Plaintiff had broken promises or provisions of the Contract. Otherwise, and particularly as to the allegation this statement was false, denied.

29. Admitted to the extent that the letter asserted, correctly, that Plaintiff was required under the Contract to repay the $2,982.70 that Westlake had paid to recover the vehicle from CJ's. Otherwise, and particularly as to the allegation this statement was false or stated Plaintiff was past due on the loan, denied.

30. Admitted only to the extent that the letter asserted $0.00 was owed on the loan. Otherwise, denied and in particular to the allegation that no charges were owed.

31. Admitted.

32. Denied.

33. Denied.

34. Defendants lack sufficient information to admit or deny these allegations.

35. Admitted to the extent that Jennifer Pike called Westlake. Otherwise, Defendants lack sufficient information to admit or deny these allegations.

36. Admitted to the extent that Jennifer Pike called Westlake. Otherwise, denied.

37. Admitted to the extent that Skyline informed Plaintiffs that Skyline had recovered the vehicle from CJ's. Otherwise, denied.

38. Admitted only to the extent that Mr. Martinez and Jennifer Pike spoke and that there were no late payments on the loan. Otherwise, denied.

39. Admitted that the vehicle was transferred from Skyline to another facility where it was made available to Pilgrim Insurance Company ("Pilgrim") for inspection. Otherwise, denied.

40. Defendants lack sufficient information to admit or deny these allegations.

41. Defendants lack sufficient information to admit or deny these allegations.

42. As to the allegation that plaintiffs were wrongfully deprived use and possession of the vehicle, denied. Otherwise, Defendants lack sufficient information to admit or deny these allegations.

## CAUSES OF ACTION

## COUNT I – M.G.L. c. 93A

43. Defendants restate and incorporate paragraphs 1- 42 of this Answer as if fully set forth herein.

4

44. This is a statement of law, rather than an allegation of fact and thus requires no response.

45. This is a statement of law, rather than an allegation of fact and thus requires no response.

46. This is a statement of law, rather than an allegation of fact and thus requires no response.

   To the extent a response is required, denied.

47. Defendants lack sufficient information to admit or deny these allegations.

48. This is a statement of law, rather than an allegation of fact and thus requires no response.

   To the extent a response is required, denied.

49. Defendants lack sufficient information to admit or deny these allegations.

50. This is a statement of law, rather than an allegation of fact and thus requires no response.

   To the extent a response is required, denied.

51. Defendants lack sufficient information to admit or deny these allegations.

52. Defendants lack sufficient information to admit or deny these allegations.

53. Defendants lack sufficient information to admit or deny these allegations.

54. ((a) – (d) inclusive). Denied.

55. Denied.

56. Denied.

57. Denied.

58. This is a statement of law, rather than an allegation of fact and thus requires no response.

   To the extent a response is required, denied.

59. Denied.

Wherefore, Defendants request the Court dismiss Count I of the Complaint with prejudice, award Defendants fees and costs, and enter such other relief as justice may require.

## COUNT II – CONVERSION OF PROPERTY

60. Defendants restate and incorporate paragraphs 1- 59 of this Answer as if fully set forth herein.

61. Denied.

62. Denied as to the allegation Defendants engaged in conversion. Otherwise, this is a statement of law, rather than an allegation of fact and thus requires no response. To the extent a response is required, denied.

63. Denied.

64. Denied.

65. Denied as to the allegation Skyline wrongfully took Plaintiff's vehicle or conducted willful conversion.

66. Denied.

67. This is a statement of law, rather than an allegation of fact and thus requires no response. To the extent a response is required, denied.

68. Denied.

69. Denied.

Wherefore, Defendants request the Court dismiss Count II of the Complaint with prejudice, award Defendants fees and costs, and enter such other relief as justice may require.

## COUNT III – F.D.C.P.A.

70. Defendants restate and incorporate paragraphs 1- 69 of this Answer as if fully set forth herein.

71. This is a statement of law, rather than an allegation of fact and thus requires no response. To the extent a response is required, denied.

72. Admitted only to the extent that this phrase appears on its website. Otherwise, denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

Wherefore, Defendants request the Court dismiss Count I of the Complaint with prejudice, award Defendants fees and costs, and enter such other relief as justice may require.

## **<u>AFFIRMATIVE DEFENSES</u>**

1. The Complaint fails to state a claim against upon which relief can be granted.

2. The damage, if any, sustained by Plaintiff, was the result of conduct of persons or entities over whom Defendants had no control or responsibility, and for whose conduct Defendants is not liable.

3. Plaintiff's claims against Westlake are barred, as there is no causal connection between any alleged act, error, or omission by Westlake, and Plaintiff's alleged damages.

4. If Plaintiff's damages are as alleged, said damages resulted from Plaintiff's own comparatively negligent acts or omissions, for which Plaintiff is barred from recovery.

5. To the extent Westlake is found liable to the Plaintiff, the Plaintiff's recovery of damages is limited by its own comparative negligence.

6. Plaintiff's claims are barred or should be reduced because Plaintiff failed to mitigate damages.

7. Plaintiff's alleged damages were caused by a superseding, intervening act, which was beyond the knowledge and control of Defendants.

8. Plaintiff's claims are barred due to the doctrine of unclean hands.

9. The matter must be dismissed for lack of jurisdiction.

10. The matter must be dismissed for forum non-conveniens.

11. There has been no exchange of consideration between Plaintiff and Defendant.

12. The contract Plaintiff alleges was obtained through fraud and/or fraudulent misrepresentation.

13. There is lack of capacity of a necessary party.

14. There has been accord and satisfaction between the Plaintiff and the Defendant.

15. There was a failure of a condition precedent.

16. There was a frustration of purpose.

17. There was no meeting of the minds between the Plaintiff and the Defendant.

18. There was a unilateral mistake of fact on behalf of the Defendant.

19. The claim is barred by or reduced by unjust enrichment.

20. Defendants are entitle to safe harbor for bona fide error under 15 U.S.C. § 1692 or other similar provision.

21. Plaintiff has not performed under the Contract, and may not enforce its provisions.

22.  Defendants security interest in the vehicle supersedes Plaintiff's.

23. This Contract is subject to a valid and binding Arbitration Provision in the Contract per the Federal Arbitration Act, 9 U.S.C. § 1 and/or the Massachusetts Uniform Arbitration Act, M.G.L. c. 251 and must be stayed and/or dismissed pending such binding arbitration.

Defendants reserve the right to assert further affirmative defenses that may come to light as discovery continues in this case.

**WHEREFORE**, Westlake and Skyline respectfully requests that this Honorable Court issue the following relief:

1. Enter judgement in favor of Westlake and Skline as to all counts set forth against it in the Plaintiff's Complaint, with costs and attorney's fees charged to the Plaintiff;

2. Provide such other and further relief as this Court deems just and appropriate.

## WESTLAKE SERVICE, LLC'S COUNTERCLAIM VS. JENNIFER ROWLAND a/k/a JENNIFER PIKE and CASSIDY PIKE a/k/a CARTER PIKE

1. Defendant/Plaintiff-in-Counterclaim, Westlake Services, LLC ("Westlake") is a California corporation registered to do business in the Commonwealth of Massachusetts with a principal office in Los Angeles, California.

2. Upon information and belief, Plaintiffs/Defendants-in-Counterclaim Jennifer and Carter Pike ("Counterclaim defendants") are individuals with a place of residence in East Longmeadow, Hampden County, Massachusetts and are also known as Jennifer Almeida Pike and Carter Luis Pike.

3. On or about April 12, 2024, Westlake entered into a "Retail Installment Contract" with Carter Luis Pike as "Buyer" and Jennifer Almeida Pike as "Co-Buyer." ("the Contract").

4. Under the Contract, Westlake agreed to provide the financing for the Buyer and Co-Buyer to purchase a 2019 Hyundai Tucson ("the Vehicle") in the amount of $18,128.81, in return for which Buyer and Co-Buyer agreed to abide by the terms of the Contract, including re-payment to Westlake with charges and interest.

9

Date Filed: 11/26/2025 2:02 PM
District Court - Springfield
Docket Number: 2523CV001952

5.  Counterclaim defendants allege in this lawsuit that they are the "Buyer" and "Co-

    Buyer" signatories to the Contract and have since legally changed their names.

6.  The Buyer and Co-Buyer agreed under the Contract as follows:

    **"Agreement to Arbitrate:** By signing below, you agree that, pursuant to the
    Arbitration Provision on Page 5 of this contract, you or we may elect to resolve any
    dispute by neutral, binding arbitration and not by a court action. See the Arbitration
    Provision for additional information concerning the agreement to arbitrate.

    "**Insurance.** You may buy the physical damage insurance this contract requires from
    anyone you choose who is acceptable to us. You may also provide the physical
    damage insurance an existing policy owned or controlled by you that is acceptable to
    us.

    "**2.  YOUR OTHER PROMISES TO US**
    a.  "**If the vehicle is damaged, destroyed or missing.** You agree to pay us all you
        owe under this contract even if the vehicle is damaged, destroyed or missing.

    b.  "**Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada
        or to sell, rent lease, or transfer any interest in the vehicle or this contract without
        our written permission. You agree not to expose the vehicle to misuse, seizure,
        confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes
        fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

    c.  "**Security Interest**. "You give us a security interest in:
        *  The vehicle and all parts or goods put on it;
        *  All money or goods received (proceeds) for the vehicle;
        *  All insurance, maintenance, service, or other contracts we finance for
           you; and
        *  All proceeds from insurance maintenance, service or other contract we
           finance for you. This includes any refunds of premiums or charges from
           the contracts.

        "This secures payment of all you owe on this contract. It also secures your
        other agreements in this contract. You will make sure the title shows our
        security interest (lien) in the vehicle. You will not allow any other security
        interest to be placed on the title without our written permission.

    d.  "**Insurance you must have on the vehicle**. You agree to have physical damage
        insurance covering loss of or damage to the vehicle for the term of this contract.
        The insurance must cover our interest in the vehicle. You agree to name us on
        your insurance policy as a loss payee.

    3. **IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**

b. **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once subject to any right the law gives you to reinstate this contract. Default means:

- […]You break any agreements in this contract.

  The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

c. **You may have to pay collection costs.** If we hire an attorney who is not our salaried employee to collect what you owe, you will pay the attorney's reasonable fees and court costs, as the law allows. The maximum attorney's fee you will pay will be 15% of the amount due and payable under this contract.

d. **We may take the vehicle from you.** If you default, we may take (reposses) the vehicle from you if we do so peacefully and the law allows it. If we take the vehicle, any accessories, equipment and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you. If you do not ask for these items back, we may dispose of them as the law allows.

e. **How you can get the vehicle back if we take it**. If we repossess the vehicle, in many situations the law gives you the right to get it back. We will tell you what you have to do to get the vehicle back

f. **We will sell the vehicle if you do not get it back**. If you do not do what is required to get the vehicle back, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle. We will apply the money from the sale, less allowed expenses to the amount you owe. Allowed expenses are the actual and reasonable expenses we pay as a direct result of taking the vehicle, storing it, and selling it. Attorney fees and court costs the law permits are also allowed expenses. […]

7.   On or about July 22, 2025, Westlake and Counterclaim Defendants received a "First

Notice to Owner of Vehicle Towed" from CJ's Towing Unlimited, Inc. asserting a lien

against the Vehicle pursuant to M.G.L. c. 255 § 39A, demanding payment from

Counterclaim Defendants and Westlake of $270.40 for towing, unspecified fees, and

$35.00 storage charge per day and requesting Counterclaim Defendants have their

insurer contact CJ's within forty-eight (48) hours to confirm payment.

8. Upon information and belief, the vehicle had been towed to CJ's on the order of the Massachusetts State Police and/or another agency or officer so empowered pursuant to M.G.L. c. 255 § 39A.

9. M.G.L. c. 255 § 39A grants CJ's a security interest in the vehicle in the amount of unpaid storage fees or removal fees, including the right to seize, confiscate and/or involuntarily transfer the vehicle on CJ's behalf.

10. Upon information and belief no insurer contacted CJ's regarding the storage fees.

11. In order to prevent further accrual of unnecessary and unreasonable storage fees and the potential for an increasing security interest and sale by CJ's, Westlake hired Skyline Recovery Service, Inc. ("Skyline") to remove and store the vehicle and pay off CJ's claimed amounts rather than permit CJ's to continue increasing its unreasonable storage lien.

12. Westlake was permitted to do so under the Contract and by its security interest in the vehicle.

13. Such conduct is ordinary and usual in the course of storing and preventing liens for unreasonable storage charges accruing on financed vehicles in Massachusetts and throughout the United States.

14. Westlake reimbursed Skyline $2,982.70 for the recovery and initial storage of the vehicle, which included Skyline paying off in full the amounts claimed by CJ's.

15. On August 7, 2025, Westlake sent Counterclaim Defendants a "Notice of Right of Redemption and Notice of Intent to Sell" requesting payment by August 27, 2025 of the "cost of repossessing the Vehicle ($2,982.70)" to comply with the Contract.

16. Such Notice and request was permitted and necessary under the Contract, including but not limited to provisions Part 2 "Your Other Promises to Us" Part 2(b) – (d).

17. Westlake is owed at least $2,982.70 as storage bills and charges under Parts 2 and 3 of the Contract, as well as attorney's fees up to 15% of the amount due under the contract, court costs, and/or such interest as the law allows, as well as further fees that may have since accrued.

## <u>COUNT I – BREACH OF CONTRACT</u>

18. Westlake re-states and incorporates paragraphs 1 – 17 of its Counterclaim as if fully set forth herein.

19. Westlake and Counterclaim Defendants entered a valid binding Contract pursuant to which Counterclaim Defendants agreed, among other provisions:

  a. Not to expose the vehicle to seizure, confiscation, or involuntary transfer;
  b. To re-pay Westlake any repair, storage, tax, fines, bills or charges for the Vehicle;
  c. Give Westlake a security interest in the Vehicle;
  d. Have physical damage insurance covering loss of or damage to the vehicle;
  e. Pay attorney's fees up to 15% of the amount due and payable, as well as court costs.

20. Counterclaim defendants are in material breach of the Contract, including but not limited to breach of the foregoing provisions cited.

21. Westlake has performed under the Contract.

22. As a result of such breach, Westlake has sustained damages, including but not limited to at least $2,982.70 in storage fees, court costs and attorney's fees as provided under the Contract.

13

Wherefore, Westlake requests that this Honorable Court enter judgment in its favor as to its Counterclaim, and award it damages, attorney's fees, court costs, interest and any other such relief as the Court may find is just.

## COUNT II – UNJUST ENRICHMENT

23. Westlake re-states and incorporates paragraphs 1 – 22 of its Counterclaim as if fully set forth herein.

24. Westlake has conferred a benefit upon Counterclaim Defendants by obtaining release of the Vehicle from CJ's and paying for its storage release, including but not limited to a release of CJ's interest in the vehicle and ability to involuntarily transfer it;

25. Counterclaim Defendants are aware and appreciate such benefit;

26. Acceptance of the benefit by Counterclaim Defendants would be inequitable without payment for its value.

Wherefore, Westlake requests that this Honorable Court enter judgment in its favor as to its Counterclaim, and award it damages, attorney's fees, court costs, interest and any other such relief as the Court may find is just.

## COUNT III – DECLARATORY JUDGMENT

27. Westlake re-states and incorporates paragraphs 1 – 26 of its Counterclaim as if fully set forth herein.

28. A controversy exists between Westlake and Counterclaim Defendants as to their mutual obligations with regard to the Contract and Westlake's security interest in the vehicle.

29. Westlake had the right and duty pursuant to the Contract to remove the Vehicle from storage in order to protect both parties' security interests in the vehicle and store it elsewhere.

30. Westlake had the right under the Contract to seek reimbursement for its costs related to obtaining the release of the Vehicle.

31. Westlake had the right and duty under the Contract to continue to hold the Vehicle and/or auction the Vehicle for Counterclaim Defendants' failure to pay the storage amounts owed under the Contract.

32. This Honorable Court has jurisdiction over such matter pursuant to M.G.L. c. 218 § 19C.

Wherefore, Westlake requests that this Honorable Court enter a judgment in its favor pursuant to Mass. R. Civ. P. 57 and M.G.L. c. 231A declaring  Westlak's right and duty to seek release and transfer of the vehicle, right to be reimbursed by Counterclaim defendant for the costs for same, and right and duty to hold and/or sell the vehicle for failure to reimburse, as well as, attorney's fees, court costs, interest and any other such relief as the Court may find is just.


## JURY CLAIM

Defendants/Plaintiff in Counterclaim demand a trial by jury on all counts so triable as to their Answer, Affirmative Defenses and Counterclaims.

Date Filed: 11/26/2025 2:02 PM
District Court - Springfield
Docket Number: 2523CV001952

Respectfully Submitted,
By Defendants Westlake Services, LLC
And Skyline Recovery Service, Inc.
By their attorney,

 **/s/ Sean J. McCarthy**
Sean J. McCarthy, Esquire
BBO #674962
**The Chartwell Law Offices, LLP**
205 Newbury Street, Suite 101
Framingham, MA 01701
Tel: (617) 426-2400
Fax: 617-395-2627
smccarthy@chartwelllaw.com


Dated: November 26, 2025


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 26, 2025, this document has been e-served with the court electronically and will automatically be sent to all counsel of record if registered for e-service. Pro Se or counsel not registered for e-service will receive a copy of this document via regular mail.

Adam Deutsch, Esq.
Northeast Law Group, LLC
P.O. Box 60717
Longmeadow, MA 01116
adam@northeastlawgroup.com


Dated: November 26, 2025

By: /s/ Sean J. McCarthy
Sean J. McCarthy

16

# EXHIBIT C

## COMMONWEALTH OF MASSACHUSETTS

**SPRINGFIELD, ss**
                                        **DISTRICT COURT**
                                        **CIVIL ACTION NO: 2523CV001952**

_____

JENNIFER ROWLAND f/k/a JENNIFER PIKE;            )
CASSIDY PIKE f/k/a CARTER PIKE                    )
    Plaintiffs                  )
                                                  )
    v.                          )
                                                  )
WESTLAKE SERVICES, LLC;                           )
SKYLINE RECOVERY SERVICE, INC.                    )
    Defendants.                 )
_____)

## <u>NOTICE OF FILING NOTICE OF REMOVAL</u>

    PLEASE TAKE NOTICE that this case, entitled and captioned *JENNIFER ROWLAND f/k/a JENNIFER PIKE; CASSIDY PIKE f/k/a CARTER PIKE v. WESTLAKE SERVICES, LLC; SKYLINE RECOVERY SERVICE, INC*., Case No. 2523cv001952, has been removed to the United States District Court for the District of Connecticut, by defendants *WESTLAKE SERVICES, LLC and SKYLINE RECOVERY SERVICE, INC*., pursuant to title 28 U.S.C. §§ 1331, 1441 and 1446. A copy of the Notice of Removal, filed with the United States District Court for the District of Massachusetts, is attached hereto as **Exhibit A**.

    PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. §1446(d), this Court shall proceed no further unless and until the case is remanded.

Respectfully Submitted,
By Defendants Westlake Services, LLC
And Skyline Recovery Service, Inc.
By their attorney,

 **/s/ Sean J. McCarthy**
Sean J. McCarthy, Esquire (BBO #674962)
David T. Stout, Esquire (BBO #711666)
**The Chartwell Law Offices, LLP**
205 Newbury Street, Suite 101
Framingham, MA 01701
Tel: (617) 426-2400
Fax: 617-395-2627
smccarthy@chartwelllaw.com
dstout@chartwelllaw.com


Dated: December 5, 2025


## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2025, this document has been e-served with the court electronically and will automatically be sent to all counsel of record if registered for e-service. Pro Se or counsel not registered for e-service will receive a copy of this document via regular mail.

Adam Deutsch, Esq.
Northeast Law Group, LLC
P.O. Box 60717
Longmeadow, MA 01116
adam@northeastlawgroup.

Dated: December 3, 2025

By: /s/ Sean J. McCarthy
Sean J. McCarthy

# **EXHIBIT A**

*Commonwealth of Massachusetts*
*Springfield District Court*
*50 State Street*
*Springfield, MA 01103*
*(413) 735-6000*

*Civil No.*   2523cv001952

Jennifer Rowland et al
_____,
**Plaintiff(s),**

v.                                                      **SUMMONS**

Westlake Services, LLC et al
_____,
**Defendant(s)**

THIS SUMMONS IS DIRECTED TO ___Westlake Services, LLC___
                                                    (Defendant's Name)

1.     **This Notice is to inform you that you are being sued.** The person or business suing you is known as the Plaintiff. A copy of the Plaintiff's Complaint against you is attached and the original has been filed in the Springfield Division of the District Court Department. You must respond to this lawsuit in writing. If you do not respond, the Plaintiff may obtain a court order requiring you to pay money or provide other relief.

2.     **You must respond within 20 days to protect your rights.** In order to protect your right to defend yourself in this lawsuit, you must deliver or mail a written response called an "Answer" to **both** the "Clerk's Office for Civil Business, Springfield District Court, 50 State Street, Springfield, MA 01103" **and** to the individual below:

Northeast Law Group, LLC _____, at   P.O. Box 60717 Longmeadow, MA 01116
(Name of Plaintiff or Plaintiff's attorney)                          (address)

Your Answer must be delivered or mailed within 20 days from the date of the Summons was delivered to you. If you need more time to respond, you may request an extension of time in writing from the Court.

3.     **Your Answer must respond to each claim made by the Plaintiff.** Your Answer is your written response to the statements made by the Plaintiff in the Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. You may agree with some of the things the Plaintiff says and disagree with other things. You may also say that you do not know whether one (or more) of the statements made in the Plaintiff's Complaint is true. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer. Even if you agree that you owe what is claimed, sending an Answer will provide you with an opportunity to participate and explain your circumstances.

4.     **You must list any reason why you should not have to pay the Plaintiff what the Plaintiff asks for.** If you have any reason(s) why the Plaintiff should not get what the Plaintiff asks for in the Complaint, you must write those reasons (or "defenses") in your Answer.

5.     **You may lose this case if you do not send an Answer to the Court and the Plaintiff.** If you do not mail or deliver the Answer with 20 days, you may lose this case. You will have no opportunity to tell your side of the story and the Court may order that the Plaintiff receive everything requested in the Complaint. The Court may allow a motion permitting the Plaintiff take your property

A TRUE COPY ATTEST:

NORFOLK DEPUTY SHERIFF

Date: 11/7/25

ATENCIÓN  Esta es una notificación oficial de la corte. Si usted no sabe leer inglés, obtenga traducción.

and/or wages.  If you respond to the Complaint and appear at the hearing, you will get an impartial hearing by a judge.  Even if you choose to discuss this matter with the Plaintiff (or the Plaintiff's lawyer), you should still send your Answer **within 20 days.**  Even if you file an Answer, you can still reach an agreement with the Plaintiff.

      6.    **Legal Assistance.** You may wish to get legal help from a lawyer. **If you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.** You may also obtain information at www.mass.gov/courts/selfhelp.

      7.    **You can also sue the Plaintiff.** If you believe the Plaintiff owes you money or has harmed you in some way related to the lawsuit, you must describe that in your Answer. If you do not include these claims (called "Counterclaims") in your written response, **you may lose your ability to sue the Plaintiff** about anything related to this lawsuit.

      8.    **You or your attorney must attend all court hearings.** If you send your Answer to the Court and the Plaintiff, you will protect your rights. The Court will send you a notice telling you the date, time, and place of an impartial hearing before a judge. The judge will hear **both** sides of any arguments and schedule any additional hearings.

      9.    The civil number appearing on the front of this notice is the case docket number and must appear on the front of your Answer.

Witness Hon. Kevin V. Maltby, First Justice on _____October 31_____, 20 _25_.

(SEAL)

                        *John J. Stocks*
                        Clerk-Magistrate
          Note: The number assigned to the Complaint by the Acting Clerk-Magistrate at the beginning of the lawsuit should be indicated on the Summons before it is served on the Defendant.

## RETURN OF SERVICE
**(For use by person making service)**

On _____, 20 ___, I served a copy of the within Summons, together with a copy of the Complaint in this case, upon the named Defendant in the following manner:

___  Last and usual at (address)*

                                       Signature

_____

                                        Name and Title

___  In Hand

                                        Address

___  Other:

***Please place date you make service in this box and on copy served on Defendant and return original to this Court:***

*If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the Summons to such last and usual place of abode and shall set forth in the return the date of mailing and the address to which the Summons was sent. (G.L. c. 223, § 31)

Date Filed: 10/21/2025 9:49 AM
District Court - Springfield
Docket Number:

## COMMONWEALTH OF MASSACHUSETTS

Springfield District Court
Docket Number

JENNIFER ROWLAND f/k/a JENNIFER
PIKE; CASSIDY PIKE f/k/a CARTER
PIKE

Plaintiffs,


v.

WESTLAKE SERVICES, LLC;
SKYLINE RECOVERY SERVICE, INC.

Defendants.

**COMPLAINT AND JURY DEMAND**

Plaintiffs Jennifer Rowland and Carter Pike of full age, bring this complaint through the undersigned attorney against Westlake Services, LLC and Skyline Recovery Service, Inc.

### JURISDICTION AND VENUE

1. Jurisdiction is appropriately laid in the District Court Department as the parties are all reside and/or are incorporated in Massachusetts and/or do business in Massachusetts, the Plaintiffs' claims are based solely on state law, and the base damages sought are expected to be less than $50,000.

2. Venue is appropriately laid in the Springfield District Court because all relevant events revolve substantially around Springfield, Massachusetts.

### PARTIES

3. Plaintiff Jennifer Rowland resides in East Longmeadow, Massachusetts and is the mother of Carter Pike. Jennifer Rowland, was previously known as Jennifer Pike and the last name was formally changed.

1

Date Filed: 10/21/2025 9:49 AM
District Court - Springfield
Docket Number

4.    Plaintiff Cassidy Pike resides in East Longmeadow, Massachusetts and is the child of Jennifer Pike.  Cassidy Pike's assigned name at birth was Carter and it has been formally changed.

5.    Defendant Westlake Services, LLC ("Westlake") is in the business of purchasing and servicing loans secured by motor vehicles.  Westlake's principal office is in Los Angeles, California and it maintains an agent for service of process at Corporate Creations Network, Inc., 150 Royall St. Suite 205, Canton, MA 02021.

6.    Defendant Skyline Recovery Service, Inc. is in the business of repossessing automobiles on behalf of others.  Skyline Recovery Service, Inc. ("Skyline Recovery") is a Connecticut corporation with a Massachusetts location and an agent for service of process designated at Frank N. Fournier IV, 376 Easthampton Road, Northampton, MA 01060.

## FACTUAL ALLEGATIONS

7.    In or around April 2024, Jennifer Pike and Cassidy Pike took out a loan to finance the purchase of a used 2019 Hyundai Tucson vehicle.

8.    The Vehicle Identification Number for the Tucson is KM8J2CA44KU877454.

9.    At all relevant times the auto loan has been owned and serviced by Westlake.

10.    At all times, the monthly loan payment in the amount of $385.50 was made on time.

11.    Frequently, the plaintiffs paid more than the amount due each month on the loan.

12.    At all times, the vehicle was insured.

13.    The plaintiffs never defaulted on any terms of the loan agreement.

14.    The plaintiffs have equity in the vehicle.

15.    On July 8, 2025 Cassidy Pike was in a car accident when the Tucson was struck by another vehicle that attempted to merge across lanes on Interstate 95 north in Springfield, Massachusetts.

Date Filed: 10/21/2025 9:49 AM
District Court - Springfield
Docket Number:

16.     Cassidy was able to safely remove the car from the highway and it was towed to CJ's Towing Unlimited, Inc. ("CJ's Towing") in Springfield, Massachusetts.

17.     Before the Tucson was towed on July 8, 2025, the Massachusetts State Police arrived at the scene and created an accident report 25-290525.

18.     An insurance claim was filed with the at-fault party's insurance company, Pilgrim Insurance.

19.     The vehicle was being stored at CJ's Towing while the insurance companies were assessing damages and determining how to handle the claim.

20.     On or about August 4, 2025, Westlake hired Skyline Recovery and directed them to repossess the Tucson.

21.     On or about August 6, 2025, Skyline Recovery removed the car from CJ's Towing and relocated it to the Skyline Recovery facility in Northampton, Massachusetts.

22.     The removal and relocation of the car was done without advanced notice to the Plaintiffs and without their consent.

23.     The removal and relocation of the car was an unlawful repossession.

24.     The removal and relocation of the car interfered with the plaintiffs rights and ability to obtain insurance proceeds owed to them as a result of the car accident.

25.     By letter dated August 7, 2025, Westlake sent a letter to the plaintiffs titled **"Notice of Right of Redemption and Notice of Intent to Sell."**

26.     The August 7 letter states in part:

Date Filed: 10/21/2025 9:49 AM
District Court - Springfield
Docket Number:

**Subject: Retail Installment Contract dated 4/12/2024 ("Contract").** We have your Vehicle because you broke promises in our Contract. We intend to sell the Vehicle as explained in this Notice, subject to your right to reinstate the Contract and get the Vehicle back (redeem the Vehicle), and your right to redeem the Vehicle by paying us the past due amount you owe, as described more fully below.

**Contract Reinstatement.** The amount you must pay to reinstate the Contract and get the Vehicle back (redeem the Vehicle) includes the full amount past due under the Contract as of the date of this Notice, including all outstanding unpaid fees and charges ($0.00, itemized below), PLUS our cost of repossessing the Vehicle ($2,982.70), for a subtotal of $2,982.70 through the date of this Notice. In addition, if another regular monthly payment is scheduled to be paid under the terms of the Contract after the date of this Notice and before the date you redeem the Vehicle, you will be required to also pay the amount of that regular monthly payment in order to reinstate the Contract and get the Vehicle back. For more information about the exact amount you must pay to reinstate the Contract and get the Vehicle back, you may call us at the telephone number shown near the top of this Notice. To reinstate the Contract you must pay us the amounts described in this paragraph by certified or bank check, money order, or similar immediately available funds. Your right to reinstate the Contract as described in this paragraph ends on 08/27/2025.

27.    In the August 7 letter, Westlake admits that it took the Plaintiff's vehicle.

28.    The August 7, 2025 letter falsely states that the Plaintiffs "broke promises" in the contract.

29.    The August 7, 2025 letter falsely states that the Plaintiffs must pay a "past due amount" owed on the loan.

30.    The letter makes clear that there are no outstanding fees and charges owed on the loan, as the amount listed for these is $0.00.

31.    The only sum of money Westlake claims to be entitled to in the letter is $2,982.70 which it identifies as the "cost of repossessing the Vehicle."

32.    As of August 7, 2025, Westlake had not incurred any fees for repossessing the car.

33.    Westlake unlawfully directed its agent to take possession of the vehicle and then demanded that the Plaintiffs pay for the wrongful repossession in order to get their car back.

34.    On August 12, 2025, Plaintiffs received the August 7 letter by certified mail.

35.    Upon receiving the letter, Plaintiffs immediately called Westlake.

36.    On information and belief, Westlake recorded the August 12 phone call wherein an employee of Westlake falsely denied that Westlake directed Skyline Recovery to repossess the car.

4

Date Filed: 10/21/2025 9:49 AM
District Court - Springfield
Docket Number:

37.    On August 12, 2025, Plaintiffs called Skyline Recovery and its employee confirmed that Westlake provide an order to Skyline Recovery to initiate the seizure of the car.

38.    Plaintiffs then spoke with an employee of Westlake who identified himself as a supervisor named Kevin Martinez.  Mr. Martinez acknowledged that there were no late payments on the loan but claimed that Westlake was entitled to repossess the car because of the accident in July.

39.    After speaking with the Plaintiffs, Westlake moved the Plaintiffs vehicle again and it has not been in Skyline Recovery's possession since that time.

40.    On August 14, 2025, the Plaintiffs filed a police report with the Springfield Police Department in the hopes of getting assistance locating their vehicle.  As of October 17, 2025, the Springfield Police Department have not located the vehicle.

41.    Since being removed from Skyline Recovery, Plaintiffs do not know the location of their vehicle.

42.    Plaintiffs have continued to make payments on the auto loan after the July car accident even though they have been wrongfully deprived use and possession of the vehicle.

## CAUSES OF ACTION

### COUNT ONE: VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT
### M.G.L. c. 93a et seq.

43.    Plaintiffs repeat, reiterate and reincorporate by reference the allegations contained elsewhere in the Complaint with the same force and effect as if set forth at length herein.

44.    The Massachusetts Consumer Protection Act M.G.L. c. 93A §2 renders "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" to be "declared unlawful."

5

Date Filed: 10/21/2025 9:49 AM
District Court - Springfield
Docket Number:

45.    Conduct is deemed unfair or deceptive under M.G.L. 93A where it is (1) within the penumbra of some common-law, statutory, or other established concept of unfairness; (2) is immoral, unethical, oppressive, or unscrupulous, and (3) causes substantial injury to the plaintiff.

46.    On August 18, 2025 a written demand for relief was sent by Plaintiffs to Skyline Recovery pursuant to M.G.L. 93A §9(3). The letter described the unfair or deceptive act(s) or practices outlined in this Complaint, the injury suffered, and made a demand for relief. The letter made clear reference to M.G.L. 93A and was sent pursuant to the statute.

47.    The August 18, 2025 letter was received by Skyline Recovery on August 19, 2025.

48.    On August 18, 2025 a written demand for relief was sent by Plaintiffs to Westlake pursuant to M.G.L. 93A §9(3).

49.    Plaintiffs could not confirm delivery of the August 18, 2025 letter to Westlake although it was sent by certified mail and has not been returned to the sender.

50.    On or about September 3, 2025, a second written demand for relief was sent to Westlake pursuant to M.G.L. 93A §9(3). The letter described the unfair or deceptive act(s) or practices outlined in this Complaint, the injury suffered, and made a demand for relief. The letter made clear reference to M.G.L. 93A and was sent pursuant to the statute.

51.    The September 3, 2025 letter was received by Westlake on September 5, 2025.

52.    As of the date this Complaint is filed, Skyline Recovery has not responded to the M.G.L. 93A demand letter and has not made a tender of settlement offer.

53.    As of the date this Complaint is filed, Westlake has not responded to the M.G.L. 93A demand letter and has not made a tender of settlement offer.

6

Date Filed: 10/21/2025 9:49 AM
District Court - Springfield
Docket Number:

54.     Westlake and Skyline Recovery engaged in unfair and/or deceptive acts or practices in the conduct of a trade or commerce in relation to Plaintiffs. The unfair and/or deceptive acts or practices include but are not limited to the following:

      a. The Defendants violated 940 C.M.R. 7.00 et seq. by engaging in prohibited acts in connection with the collection of a debt. Specifically, the Defendants made false and/or misleading representations in connection with the collection of a debt, falsely represented use of legal process, and exercised the unlawful taking of non-judicial action to effect dispossession of property where there was no present right to the property.

      b. The Defendants further violated 940 C.M.R. 7.07 by seizing and selling Plaintiff's property when it was not entitled to do so.

      c. Westlake charged Plaintiffs fees and expenses that it was not entitled to recovery and which were incurred due to its own negligence, dishonesty, and/or unlawful conduct.

      d. Skyline further engaged in unfair and/or deceptive acts or practices by transferring the vehicle to the custody of a third party when it knew the Plaintiffs contested the repossession and was presented with information demonstrating that Skyline should not have taken the property at the direction of Westlake.

55.     Based upon publicly available data, Westlake has a pattern and practice of using unlawful conduct to oppress its customers and it routinely engages in deceptive acts or practices.

56.     As a result of the conduct of Westlake and Skyline Recovery, the Plaintiffs suffered damages including but not limited to out of pocket expenses, deprivation of use of the vehicle, loss of equity in the vehicle, emotional distress, lost time and additional damages as permitted by law.

Date Filed: 10/21/2025 9:49 AM
District Court - Springfield
Docket Number:

57.    The defendants' unfair and deceptive practices were willful and knowing within the meaning of M.G.L. 93A.

58.    The within conduct is non-exhaustive and intended to place Defendants on notice of the scope of allegations and wrongdoing.

59.    As a result of the Defendants' violations of M.G.L. 93A, Plaintiffs are entitled to recover double or trebled damages, attorney's fees and costs of litigation.

## COUNT TWO: CONVERSION OF PROPERTY

60.    Plaintiffs repeat, reiterate and incorporate the allegations contained elsewhere in the Complaint with the same force and effect as if the same were set forth at length herein.

61.    The Defendants intentionally and wrongfully exercised control or dominion over the personal property of the Plaintiffs.

62.    At the time the Defendants engaged in the conduct resulting in conversion, Plaintiff had an ownership and/or possessory interest in the property.

63.    The Plaintiff was damaged because the Defendants' conduct.

64.    The Defendants wrongfully refused to return Plaintiffs' property when it was discovered missing.

65.    Defendant Skyline Recovery was compensated by Westlake for wrongfully taking the Plaintiff's vehicle, and the compensation resulted in an act of willful conversion.

66.    Defendant Westlake wrongfully took the Plaintiff's car with the intention of selling the vehicle and converting the property to another asset.  Westlake followed through on this act and has engaged in willful acts of conversion.

67.    The within conduct is non-exhaustive and intended to place Defendants on notice of the scope of allegations in the litigation.

Date Filed: 10/21/2025 9:49 AM
District Court - Springfield
Docket Number:

68.     As a result of the Defendants' conduct, the Plaintiffs have suffered damages including but not limited to out of pocket expenses, deprivation of use of the vehicle, loss of equity in the vehicle, emotional distress, lost time and additional damages as permitted by law.

69.     As a result of Defendants' conduct, Plaintiff is entitled to damages including but not limited to compensation for the value of goods converted by the Defendants.

## COUN THREE: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

70.     Plaintiffs repeat, reiterate and incorporate the allegations contained elsewhere in the Complaint with the same force and effect as if the same were set forth at length herein.

71.     Defendant Skyline Recovery is a debt collector as defined by 15 U.S.C. §1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due to another.

72.     Skyline Recovery describes itself as "certified asset recovery specialists" on its website.

73.     Skyline Recovery engaged in unfair or unconscionable means to collect a debt in violation of 15 U.S.C. §1692f when it took nonjudicial action to effect dispossession of property from the Plaintiffs where there was no present right to possession of the property claimed as collateral through an enforceable security interest.

74.     Skyline Recovery is not entitled to a "bona fide error" defense under 15 U.S.C. 1692k because it was made aware by Plaintiffs that Westlake was not entitled to dispossession of the vehicle, and notwithstanding this information, Skyline Recovery released the vehicle to a third party at the direction of Westlake, instead of retaining custody of the vehicle or returning it to the Plaintiffs.

75.     The within conduct is non-exhaustive and intended to place Defendants on notice of the scope of allegations in the litigation.

Date Filed: 10/21/2025 9:49 AM
District Court - Springfield
Docket Number:

76.     As a result of the Defendants' conduct, Plaintiffs have suffered damages including those identified elsewhere in the

77.     As a result of Defendants' conduct, the Plaintiffs have suffered damages including but not limited to out of pocket expenses, deprivation of use of the vehicle, loss of equity in the vehicle, emotional distress, lost time and additional damages as permitted by law.

78.     Pursuant to 15 U.S.C. §1692k, the Plaintiffs are entitled to recovery actual damages, statutory damages, attorney's fees and costs of litigation.

## JURY DEMAND

Pursuant to Rule 38 of the Massachusetts Rules of Civil Procedure, Plaintiffs requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

(a) Awarding Plaintiff statutory damages;

(b) Awarding Plaintiff actual damages;

(c) Awarding Plaintiff costs of this action, including reasonable attorneys' fees and costs;

(d) Awarding pre-judgment interest and post-judgment interest; and

(e) Awarding Plaintiffs such other and further relief as this Court may deem just and proper.

Date Filed: 10/21/2025 9:49 AM
District Court - Springfield
Docket Number:

Respectfully submitted.


Plaintiffs
JENNIFER ROWLAND; CASSIDY PIKE f/k/a CARTER PIKE

*/s/ Adam Deutsch*                                    Dated: October 21, 2025
Adam Deutsch, Esq. (BBO 569173)
Northeast Law Group, LLC
P.O. Box 60717
Longmeadow, MA 01116
adam@northeastlawgroup.com
413-285-3646

11

| STATEMENT OF DAMAGES<br>G.L. c. 218, § 19A(a) | DOCKET NO. | Trial Court of Massachusetts | Date Filed: 10/21/2025 9:49 AM<br>District Court Springfield<br>Docket Number: |
|---|---|---|---|

| PLAINTIFF(s)<br>Jennifer Rowland; Cassidy Pike | DEFENDANT(s)<br>Westlake Services, LLC; Skyline Recovery Servs. | DATE FILED<br>2025-10-19 |
|---|---|---|

INSTRUCTIONS: THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL DISTRICT AND BOSTON MUNICIPAL COURT CIVIL ACTIONS SEEKING MONEY DAMAGES.

COURT DIVISION

| TORT CLAIMS | AMOUNT |
|---|---|
| A. Documented medical expenses to date: | |
| 1. Total hospital expenses: .... | $ _____ |
| 2. Total doctor expenses: ..... | $ _____ |
| 3. Total chiropractic expenses: . | $ _____ |
| 4. Total physical therapy expenses: ............ | $ _____ |
| 5. Total other expenses (*describe*) _____ | $ _____ |
| _____ SUBTOTAL: | $ _____ |
| B. Documented lost wages and compensation to date: .................. | $ _____ |
| C. Documented property damages to date: ............................ | $ _____ |
| D. Reasonably anticipated future medical and hospital expenses: ......... | $ _____ |
| E. Reasonable anticipated lost wages: ............................... | $ _____ |
| F. Other documented items of damage (*describe*): _____ | $ _____ |
| _____ | |
| G. Brief description of Plaintiff's injury, including nature and extent of injury: | |
| _____ | |
| _____ | |
| _____ | |
| _____ | |
| For this form, disregard double or treble damage claims; indicate single damages only. **TOTAL:** | $ _____ |

| CONTRACT CLAIMS | AMOUNT |
|---|---|
| ☐ **This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a)** | |
| Provide a detailed description of the claim(s): Defendants wrongful repossession of Plaintiff's vehicle has resulted in out of pocket expenses, lost use of the vehicle, lost equity, disruption to economic ability, stress, anxiety, and more. | $ 40,000<br>$ _____<br>$ _____ |
| For this form, disregard double or treble damage claims; indicate single damages only. **TOTAL:** | $ 40,000 |

| ATTORNEY FOR PLAINTIFF (OR UNREPRESENTED PLAINTIFF)<br>SIGNATURE *Adam Deutsch*<br>PRINT OR TYPE NAME Northeast Law Group, LLC<br>ADDRESS P.O. Box 60717 Longmeadow, MA 01116 | DATE Oct 19, 2025<br>B.B.O.# 569173 | DEFENDANT'S NAME AND ADDRESS:<br>Westlake Services, LLC c/o Corporate Creations Network, Inc.<br>150 Royall St. Suite 205, Canton, MA 02021<br>Skyline Recovery Service Inc.<br>376 Easthampton Road, Northampton, MA 01060 |
|---|---|---|

CERTIFICATION PURSUANT TO SJC RULE 1:18: I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1·18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney on Record: *Adam Deutsch*    NOV 07 2025    Date: 10/14/2025

# EXHIBIT D

## 2523CV001952 Jennifer Rowland Formerly known as Jennifer Pike v. Westlake Services, LLC

- Case Type:
- Civil
- Case Status:
- Open
- File Date
- 10/21/2025
- DCM Track:
-
- Initiating Action:
- Money Action - District Court Filing (c231 §§ 103-104)
- Status Date:
- 10/21/2025
- Case Judge:
-
- Next Event:
- 02/17/2026



All Information | Party | Event | Docket | Disposition

### Party Information

**Rowland, Jennifer**
- Plaintiff

| Alias | Party Attorney |
|---|---|
| | Attorney |
| | Deutsch, Esq., Adam |
| | Bar Code |
| | 569173 |
| | Address |
| | Phone Number |

More Party Information

**Pike, Cassidy**
- Plaintiff

| Alias | Party Attorney |
|---|---|
| | Attorney |
| | Deutsch, Esq., Adam |
| | Bar Code |
| | 569173 |
| | Address |
| | Phone Number |

More Party Information

**Westlake Services, LLC**
- Defendant

| Alias | Party Attorney |
|---|---|
| | Attorney |
| | McCarthy, Esq., Sean Joseph |
| | Bar Code |
| | 674962 |
| | Address |
| | Phone Number |
| | |
| | Attorney |
| | Stout, Esq., David T |
| | Bar Code |
| | 711666 |
| | Address |
| | Phone Number |

More Party Information

**Skyline Recovery Service, Inc.**

- Defendant

| Alias | Party Attorney |
|---|---|
| | • Attorney |
| | McCarthy, Esq., Sean Joseph |
| | • Bar Code |
| | • 674962 |
| | • Address |
| | • Phone Number |
| | • |
| | • Attorney |
| | Stout, Esq., David T |
| | • Bar Code |
| | • 711666 |
| | • Address |
| | • Phone Number |
| | • |

**More Party Information**

## Events

| Date | Session | Location | Type | Event Judge | Result |
|---|---|---|---|---|---|
| 02/17/2026 02:00 PM | Civil Session | | Case Management Conference | | |

## Docket Information

| Docket Date | Docket Text | Amount Owed | Image Avail. |
|---|---|---|---|
| 10/21/2025 | E-File complaint with claim of Jury Trial filed. | | Image |
| 10/21/2025 | Statement of damages filed by Plaintiff alleging contract action for damages of more than $25000. (Dist./Mun.Cts.Supp.R.Civ.P. 102A) | | |
| 10/21/2025 | Appearance filed On this date Adam Deutsch, Esq. added as Private Counsel for Plaintiff Jennifer Rowland | | |
| 10/21/2025 | Appearance filed On this date Adam Deutsch, Esq. added as Private Counsel for Plaintiff Cassidy Pike Formerly known as Carter Pike | | |
| 11/26/2025 | Appearance filed | | Image |
| 11/26/2025 | Appearance filed | | Image |
| 11/26/2025 | Answer filed by both defendants | | Image |
| 11/26/2025 | Appearance filed On this date Sean Joseph McCarthy, Esq. added as Private Counsel for Defendant Westlake Services, LLC | | |
| 11/26/2025 | Appearance filed On this date David T Stout, Esq. added as Private Counsel for Defendant Westlake Services, LLC | | |
| 11/26/2025 | Appearance filed On this date Sean Joseph McCarthy, Esq. added as Private Counsel for Defendant Skyline Recovery Service, Inc. | | |
| 11/26/2025 | Appearance filed On this date David T Stout, Esq. added as Private Counsel for Defendant Skyline Recovery Service, Inc. | | |
| 11/26/2025 | Counterclaim filed by Westlake Services, LLC against Jennifer Rowland, Cassidy Pike (Mass.R.Civ.P. 13). | | Image |
| 12/01/2025 | Event Scheduled Event: Case Management Conference Date: 02/17/2026  Time: 02:00 PM | | |

## Case Disposition

| Disposition | Date | Case Judge |
|---|---|---|
| Pending | | |