UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JENNIFER ROWLAND f/k/a JENNIFER PIKE; <br> CASSIDY PIKE f/k/a CARTER PIKE <br>     Plaintiffs <br> <br> v. <br> <br> WESTLAKE SERVICES, LLC; <br> SKYLINE RECOVERY SERVICE, INC. <br>     Defendants. | 3:25-cv-30201-MGM |

## DEFENDANT SKYLINE RECOVERY SERVICE, INC.'S AMENDED ANSWER

Defendant Skyline Recovery Service, Inc. ("Skyline") submits its answer to Plaintiffs' Complaint.

### JURISDICTION AND VENUE

1. Denied.

2. This is a statement of law, rather than an allegation of fact and thus requires no response. To the extent the allegations are contrary to law, denied.

### PARTIES

3. Skyline lacks sufficient information to admit or deny these allegations.

4. Skyline lacks sufficient information to admit or deny these allegations.

5. Skyline lacks sufficient information to admit or deny these allegations.

6. Admitted.

### FACTUAL ALLEGATIONS

7. Skyline lacks sufficient information to admit or deny these allegations.

8. Admitted.

9. Skyline lacks sufficient information to admit or deny these allegations.

10. Skyline lacks sufficient information to admit or deny these allegations.

11. Skyline lacks sufficient information to admit or deny these allegations.

12. Skyline lacks sufficient information to admit or deny these allegations.

13. Skyline lacks sufficient information to admit or deny these allegations.

14. Skyline lacks sufficient information to admit or deny these allegations.

15. Skyline lacks sufficient information to admit or deny these allegations.

16. Skyline lacks sufficient information to admit or deny these allegations.

17. Skyline lacks sufficient information to admit or deny these allegations.

18. Skyline lacks sufficient information to admit or deny these allegations.

19. Skyline lacks sufficient information to admit or deny these allegations.

20. Admitted.

21. Admitted.

22. Denied as to the implication that Plaintiffs' notification or consent was necessary for the impound repossession to be lawful.

23. Denied.

24. Denied.

25. Skyline lacks sufficient information to admit or deny these allegations.

26. Skyline lacks sufficient information to admit or deny these allegations.

27. Skyline lacks sufficient information to admit or deny these allegations.

28. Skyline lacks sufficient information to admit or deny these allegations.

29. Skyline lacks sufficient information to admit or deny these allegations.

30. Skyline lacks sufficient information to admit or deny these allegations.

31. Skyline lacks sufficient information to admit or deny these allegations.

32. Skyline lacks sufficient information to admit or deny these allegations.

33. Denied.

34. Skyline lacks sufficient information to admit or deny these allegations.

35. Skyline lacks sufficient information to admit or deny these allegations.

36. Skyline lacks sufficient information to admit or deny these allegations.

37. Skyline lacks sufficient information to admit or deny these allegations.

38. Skyline lacks sufficient information to admit or deny these allegations.

39. Admitted that the vehicle has not been in Skyline's possession since that time. Skyline lacks sufficient information to admit or deny the remaining allegations.

40. Skyline lacks sufficient information to admit or deny these allegations.

41. Skyline lacks sufficient information to admit or deny these allegations.

42. Skyline lacks sufficient information to admit or deny these allegations.

## CAUSES OF ACTION
### COUNT I: M.G.L. c. 93A

43. Skyline incorporates its responses to the preceding paragraphs.

44. This is a statement of law, rather than an allegation of fact and thus requires no response. To the extent the allegations are contrary to law, denied.

45. This is a statement of law, rather than an allegation of fact and thus requires no response. To the extent the allegations are contrary to law, denied.

46. Skyline lacks sufficient information to admit or deny these allegations.

47. Admitted.

48. Skyline lacks sufficient information to admit or deny these allegations.

49. Skyline lacks sufficient information to admit or deny these allegations.

50. Skyline lacks sufficient information to admit or deny these allegations.

51. Skyline lacks sufficient information to admit or deny these allegations.

52. Admitted.

53. Skyline lacks sufficient information to admit or deny these allegations.

54. Denied.

55. Skyline lacks sufficient information to admit or deny these allegations.

56. Denied.

57. Denied.

58. Skyline lacks sufficient information to admit or deny these allegations.

59. Denied.

Wherefore, Skyline requests the Court dismiss Count I with prejudice, award attorney fees and costs, and enter such other relief as justice may require.

## COUNT II: CONVERSION OF PROPERTY

60. Skyline incorporates its responses to the preceding paragraphs.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Skyline lacks sufficient information to admit or deny these allegations.

68. Denied.

69. Denied.

Wherefore, Skyline requests the Court dismiss Count II with prejudice, award attorney fees and costs, and enter such other relief as justice may require.

## COUNT III: FDCPA

70. Skyline incorporates its responses to the preceding paragraphs.

71. This is a statement of law, rather than an allegation of fact and thus requires no response. To the extent the allegations are contrary to law, denied.

72. Admitted.

73. Denied.

74. Denied.

75. Skyline lacks sufficient information to admit or deny these allegations.

76. Denied.

77. Denied.

78. Denied.

Wherefore, Skyline requests the Court dismiss Count III with prejudice, award attorney fees and costs, and enter such other relief as justice may require.

**WHEREFORE**, Skyline requests the following relief:

1. Enter judgment in favor of Skyline as to all counts in Plaintiffs' Complaint, with costs and attorney's fees charged to Plaintiffs;

2. Provide such other and further relief as this Court deems just and appropriate.

## JURY CLAIM

Skyline demands a trial by jury on all counts so triable.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' claims are subject to a valid and binding Arbitration Provision in the Contract per the Federal Arbitration Act, 9 U.S.C. § 1, and/or the Massachusetts Uniform Arbitration Act, M.G.L. c. 251, and thus the Court lacks subject matter jurisdiction.

2. The Complaint fails to state a claim against upon which relief can be granted.

3. Any damages sustained by Plaintiffs were the result of conduct of persons or entities over whom Skyline had no control or responsibility, and for whose conduct Skyline is not liable.

4. Any damages resulted from Plaintiffs' own comparatively negligent acts or omissions, for which Plaintiffs are barred or limited from recovery.

5. Plaintiffs' claims are barred or should be reduced because they failed to mitigate damages.

6. Plaintiffs' alleged damages were caused by a superseding, intervening act, which was beyond the knowledge and control of Defendants.

7. Plaintiffs' claims are barred due to the doctrine of unclean hands.

8. Any FDCPA violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. 15 U.S.C. § 1692k(c).

                                                Respectfully submitted,
                                                Skyline Recovery Service, Inc.
                                                By its attorney,

                                                <u>/s/ Sean J. McCarthy</u>
                                                Sean J. McCarthy, Esquire
                                                BBO #674962
                                                David T. Stout, Esquire
                                                BBO #711666
                                                **The Chartwell Law Offices, LLP**
                                                205 Newbury Street, Suite 101
                                                Framingham, MA 01701
                                                Tel: (617) 426-2400
                                                Fax: 617-395-2627
                                                smccarthy@chartwelllaw.com
                                                dstout@chartwelllaw.com

Dated: December 12, 2025

## CERTIFICATE OF SERVICE

  By my signature below, I hereby certify that on December 12, 20255, I electronically served this document to the attorneys designated below as ECF recipients, and I hereby certify that on the same date, I have mailed, via United States Postal Service, the document(s) to the non-registered participants reflected below as being provided copies by mail.

  Adam Deutsch, Esq.
  Northeast Law Group, LLC
  P.O. Box 60717
  Longmeadow, MA 01116
  adam@northeastlawgroup.com

                /s/ Sean J. McCarthy
                Sean J. McCarthy