UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JENNIFER ROWLAND f/k/a JENNIFER PIKE; <br> CASSIDY PIKE f/k/a CARTER PIKE, <br>     Plaintiffs, <br><br> v. <br><br> WESTLAKE SERVICES, LLC; <br> SKYLINE RECOVERY SERVICE, INC., <br>     Defendants. | ) <br> ) <br> ) <br> )    No. 3:25-cv-30201-MGM <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT WESTLAKE SERVICES, LLC'S AMENDED ANSWER**

Defendant Westlake Services, LLC ("Westlake") submits its answer to Plaintiffs' Complaint.

**JURISDICTION AND VENUE**

1. Denied.

2. This is a statement of law, rather than an allegation of fact and thus requires no response. To the extent a response is required, denied.

**PARTIES**

3. Westlake lacks sufficient information to admit or deny these allegations.

4. Westlake lacks sufficient information to admit or deny these allegations.

5. Admitted to that Westlake is in the business of purchasing and servicing retail installment contracts secured by motor vehicles. Further admitted that Westlake's principal office is in Los Angeles, California, and its agent for service of process is Corporate Creations Network, Inc. Otherwise, denied.

6. Westlake lacks sufficient information to admit or deny these allegations.

## FACTUAL ALLEGATIONS

7. Admitted that Jennifer Pike and Carter Pike, now known as Cassidy Pike, executed a Retail Installment Contract (the "Contract") in April 2024 to finance the purchase of a used 2019 Hyundai Tucson (the "Vehicle"). Otherwise, denied.

8. Admitted.

9. Admitted that the Contract has been owned and serviced by Westlake at all relevant times. Otherwise, denied.

10. Admitted that, as of November 26, 2025, Plaintiffs' monthly payments on the Contract have been on time. Otherwise, denied.

11. Denied.

12. Westlake lacks sufficient information to admit or deny these allegations.

13. Denied.

14. This is a statement of law, rather than an allegation of fact and thus requires no response. To the extent the allegations are contrary to law, denied.

15. Westlake lacks sufficient information to admit or deny these allegations.

16. Admitted that the Vehicle was towed to CJ'S Towing Unlimited, Inc. ("Tow Yard"). Otherwise, Westlake lacks sufficient information to admit or deny these allegations.

17. Westlake lacks sufficient information to admit or deny these allegations.

18. Westlake lacks sufficient information to admit or deny these allegations.

19. Admitted only that that the Vehicle was stored at Tow Yard at some point. Otherwise, Westlake lacks sufficient information to admit or deny these allegations.

20. Admitted.

21. Admitted that Skyline Recovery recovered the Vehicle on August 6, 2025. Otherwise, Westlake lacks sufficient information to admit or deny these allegations.

22. Denied as to the implication that Plaintiffs' notification or consent was necessary for the impound repossession to be lawful.

23. Denied.

24. Denied.

25. Admitted.

26. Admitted.

27. Admitted.

28. Admitted as to the statement being made. Denied as to it being false.

29. Admitted to the extent the letter asserted Plaintiffs were required to repay the $2,982.70 Westlake had paid to recover the Vehicle from Tow Yard. Otherwise, denied.

30. Admitted to the extent that the letter asserted $0.00 was owed beyond reimbursement of Westlake for its cost to recover the Vehicle from Tow Yard. Otherwise, denied.

31. Admitted.

32. Denied.

33. Denied.

34. Westlake lacks sufficient information to admit or deny these allegations.

35. Admitted that Jennifer Pike called Westlake on August 12, 2025. Otherwise, denied.

36. Admitted that Jennifer Pike called Westlake on August 12, 2025, and Westlake recorded the call. Otherwise, denied.

37. Westlake lacks sufficient information to admit or deny these allegations.

38. Admitted that Jennifer Pike called Westlake on August 12, 2025; there were no late payments on the Contract; and Westlake was entitled to repossess the Vehicle because it was impounded.

39. Admitted that Westlake transferred the Vehicle from Skyline to another facility where it was made available to Pilgrim Insurance Company ("Pilgrim") for inspection.

40. Westlake lacks sufficient information to admit or deny these allegations.

41. Westlake lacks sufficient information to admit or deny these allegations.

42. Admitted that, as of November 26, 2025, Plaintiffs' monthly payments on the Contract have been on time. Otherwise, denied.

## CAUSES OF ACTION
### COUNT I: M.G.L. c. 93A

43. Westlake incorporates its responses to the preceding paragraphs.

44. This is a statement of law, rather than an allegation of fact and thus requires no response. To the extent the allegations are contrary to law, denied.

45. This is a statement of law, rather than an allegation of fact and thus requires no response. To the extent the allegations are contrary to law, denied.

46. Westlake lacks sufficient information to admit or deny these allegations.

47. Westlake lacks sufficient information to admit or deny these allegations.

48. Westlake lacks sufficient information to admit or deny these allegations.

49. Westlake lacks sufficient information to admit or deny these allegations.

50. Denied as to any unfair or deceptive acts or practices or injury suffered. Westlake lacks sufficient information to admit or deny the remaining allegations.

51. Admitted.

52. Westlake lacks sufficient information to admit or deny these allegations.

53. Admitted.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Westlake lacks sufficient information to admit or deny these allegations.

59. Denied.

Wherefore, Westlake requests the Court dismiss Count I with prejudice, award attorney fees and costs, and enter such other relief as justice may require.

## COUNT II: CONVERSION OF PROPERTY

60. Westlake incorporates its responses to the preceding paragraphs.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Westlake lacks sufficient information to admit or deny these allegations.

68. Denied.

69. Denied.

Wherefore, Westlake requests the Court dismiss Count II with prejudice, award attorney fees and costs, and enter such other relief as justice may require.

## COUNT III: FDCPA

70. Westlake incorporates its responses to the preceding paragraphs.

71. Westlake lacks sufficient information to admit or deny these allegations.

72. Westlake lacks sufficient information to admit or deny these allegations.

73. Denied.

74. Denied.

75. Westlake lacks sufficient information to admit or deny these allegations.

76. Denied.

77. Denied.

78. Denied.

Wherefore, Westlake requests the Court dismiss Count III with prejudice, award attorney fees and costs, and enter such other relief as justice may require.

**WHEREFORE**, Westlake requests the following relief:

1. Enter judgment in favor of Westlake as to all counts in Plaintiffs' Complaint, with costs and attorney's fees charged to Plaintiffs;

2. Provide such other and further relief as this Court deems just and appropriate.

**AFFIRMATIVE DEFENSES**

1. Plaintiffs' claims are subject to a valid and binding Arbitration Provision in the Contract per the Federal Arbitration Act, 9 U.S.C. § 1, and/or the Massachusetts Uniform Arbitration Act, M.G.L. c. 251, and thus the Court lacks subject matter jurisdiction.

2. The Complaint fails to state a claim against upon which relief can be granted.

3. Any damages sustained by Plaintiffs were the result of conduct of persons or entities over whom Westlake had no control or responsibility, and for whose conduct Westlake is not liable.

4. Any damages resulted from Plaintiffs' own comparatively negligent acts or omissions, for which Plaintiffs are barred or limited from recovery.

5. Plaintiffs' claims are barred or should be reduced because they failed to mitigate damages.

6. Plaintiff's alleged damages were caused by a superseding, intervening act, which was beyond the knowledge and control of Defendants.

7. Plaintiffs' claims are barred due to the doctrine of unclean hands.

8. To the extent Count III (FDCPA) is asserted against Westlake, any such violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. 15 U.S.C. § 1692k(c).

9. Plaintiffs have not performed under the Contract and may not enforce its provisions.

          Respectfully submitted,
          Westlake Services, LLC
          By its attorney,

          <u>/s/ Sean J. McCarthy</u>
          Sean J. McCarthy, Esquire
          BBO #674962
          David T. Stout, Esquire
          BBO #711666
          **The Chartwell Law Offices, LLP**
          205 Newbury Street, Suite 101
          Framingham, MA 01701
          Tel: (617) 426-2400
          Fax: 617-395-2627
          smccarthy@chartwelllaw.com
          dstout@chartwelllaw.com

Dated: December 12, 2025

**CERTIFICATE OF SERVICE**

  By my signature below, I hereby certify that on December 12, 20255, I electronically served this document to the attorneys designated below as ECF recipients, and I hereby certify that on the same date, I have mailed, via United States Postal Service, the document(s) to the non-registered participants reflected below as being provided copies by mail.

  Adam Deutsch, Esq.
Northeast Law Group, LLC
P.O. Box 60717
Longmeadow, MA 01116
adam@northeastlawgroup.com

              /s/ Sean J. McCarthy
              Sean J. McCarthy